UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSE GUADALUPE BRIONES-<br>MACIAS,<br><br>　　　　　Defendant. | NO. CR-06-2099-EFS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS, DENYING DEFENDANT'S MOTION TO DISMISS, AND DENYING AS MOOT DEFENDANT'S MOTION TO COMPEL GRAND JURY TRANSCRIPTS** |

A Pretrial Conference was held in the above-captioned matter on September 13, 2006. Defendant Jose Guadalupe Briones-Macias was present, represented by Kurt Rowland. Assistant United States Attorney Jane Kirk appeared on behalf of the Government. Before the Court were Defendants' Motion to Suppress (Ct. Rec. 33), Motion to Dismiss (Ct. Rec. 31), and Motion to Compel Grand Jury Transcripts (Ct. Rec. 29). After reviewing the submitted material and applicable legal authority and hearing oral argument, the Court was fully informed. This Order serves to supplement and memorialize the Court's oral rulings.

**A.　Defendant's Motion to Suppress**

Defendant asks the Court to suppress evidence obtained during his arrest on May 28, 2006, and the subsequent investigation. The Court

ORDER ~ 1

grants Defendant's motion due to the Government's lack of opposition to the argument that Defendant was not advised of his *Miranda* rights prior to being questioned by ICE Special Agent Jeffrey Forthun on May 29, 2006. *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

**B.   Defendant's Motion to Dismiss**

Defendant asks the Court to dismiss the Indictment with prejudice because the reinstated order of removal and the subsequent deportation of Defendant in 2003 are the result of a process that violated the Immigration and Nationality Act (INA).  Furthermore, without this 2003 reinstatement, Defendant argues there is no evidence that Defendant returned to Mexico after his 2001 conviction for illegal reentry.  The Government opposes the motion, contending the Attorney General acted within his authority when promulgating 8 C.F.R. § 248.1.

1.   Factual Background

Defendant was ordered removed from the United States on April 13, 1998.  He was subsequently deported from the United States on June 8, 1999.  Then, on July 19, 2001, Defendant was convicted for illegal re-entry in violation of 8 U.S.C. § 1326.  Following, Defendant was deported from the United States on April 5, 2003, based on a reinstatement of his April 13, 1998, order of removal.  Defendant did not have the opportunity to appear before an immigration judge at this 2003 deportation.

Defendant is currently charged with alien re-entry.  The present Indictment is based on the April 5, 2003, deportation.

2.   Analysis & Conclusion

The challenged regulation, 8 C.F.R. § 248.1(a), provides, "An alien who illegally reenters to the United States after having been removed .

. . has no right to a hearing before an immigration judge." The regulation then sets forth that an immigration officer is to make the aforementioned factual findings and ultimately decide whether to issue a reinstatement order. *Id.* § 248.1(a)(1-3).

Defendant argues that providing an immigration *officer* with such authority is *ultra vires* with the INA, more specifically 8 U.S.C. § 1229a. Section 1229a requires an immigration judge conduct "all proceedings for deciding the inadmissiblity or deportability of an alien" and "[u]nless otherwise specified in this chapter, a proceeding under this section shall be the sole and exclusive procedure for determining whether an alien may be . . . removed from the United States." 8 U.S.C. § 1229a(a)(1)&(3).

This statutory language clearly requires an immigration judge to make deportability decisions; accordingly, the "[u]nless otherwise specified in this chapter" language of § 1229a(a)(3) becomes critical. To support its argument that the Attorney General had the authority to promulgate 8 C.F.R. § 248.1, the Government relies primarily upon 8 U.S.C. § 1231(a)(5), which states:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated to its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5). This section infers that an alien is not entitled to have a hearing before an immigration judge prior to being removed again. However, this statute does not clearly indicate whether it is an

ORDER ~ 3

immigration judge or an immigration official who can determine whether these statutory prerequisites are met in order to decide whether the alien shall be removed under the prior order.

Unfortunately for a district court seeking guidance on this issue, the Ninth Circuit's ruling on this issue is no longer controlling. The Ninth Circuit in *Morales-Izquiredo v. Ashcraft*, 388 F.3d 1299 (9th Cir. 2004), held that an immigration officer did not have the authority to reinstate a prior deportation.[1]  However, this decision has been withdrawn to allow for *en banc* review. *Morales-Izquiredo v. Gonzalez*, 423 F.3d 1118, 1118-19 (9th Cir. 2005), and thus the Court may not rely upon it.

---

[1] In reaching this conclusion, the Ninth Circuit panel relied primarily on the language of 8 U.S.C. § 1229a. The Ninth Circuit did not find that Congress established an expedited removal procedure for reinstatements and, because Congress had explicitly set forth expedited removal procedures for other situations, Congress clearly chose not to do so for reinstatements. 388 F.3d at 1303-05. Thus because the Ninth Circuit panel found the statutory language and structure provides that an immigration judge, not an official, shall conduct all proceedings for deciding the inadmissibility or deportability of an alien, it concluded the Attorney General's promulgation of 8 C.F.R. § 241.8 was in conflict with the statute and therefore *ultra vires* to § 1229a. *Id.*

ORDER ~ 4

The First, Eighth, and Eleventh Circuits published opinions on this issue; and the Sixth Circuit issued an unpublished opinion.[2] These circuits all agreed with the Government that the reinstatement process set forth by 8 C.F.R. § 241.8 is permissible. After reading these opinions and researching the issue, the Court finds the analysis and conclusion reached by the Eleventh Circuit is the best reasoned.

The Eleventh Circuit in *De Sandoval v. U.S. Attorney General*, 440 F.3d 1276 (11th Cir. 2006), held the Attorney General did not exceed his authority in promulgating 8 C.F.R. § 241.8. *Id.* at 1283. The Eleventh Circuit found §§ 1229a(a) and 1231(a)(5) are "ambiguous regarding the procedures applicable to aliens who reenter the United States in violation of an existing removal order." *Id.* at 1281. The Eleventh

---

[2] The First Circuit decided an ambiguity exists under the statutory scheme and concluded the Attorney General's interpretation was reasonable and that it did not act *ultra vires* in creating 8 C.F.R. § 241.8. *Lattab v. Aschroft*, 384 F.3d 8, 18-20 (1st Cir. 2004). In comparison, the Sixth Circuit decided the INA clearly provided the Attorney General with authority to promulgate § 241.8. *Tilley v. Chertoff*, 144 Fed. Appx. 536 (6th Cir. 2006) (unpublished opinion). The Eighth Circuit found the reinstatement procedure permissible, without deciding whether the First Circuit's analysis (ambiguity; but permissible interpretation) or the Sixth Circuit's analysis (no ambiguity) was the proper analysis. *Ochoa-Carrillo v. Gonzales*, 437 F.3d 842, 846 (8th Cir. 2006)

ORDER ~ 5

Circuit noted § 1229a falls under the heading "Removal proceedings," while § 1231(a)(5) falls under the heading "Detention and removal of aliens ordered removed," indicating a distinction between the treatment of these two types of proceedings. *Id.* However, the Eleventh Circuit highlights that the distinction between these two sections (and treatment of removal proceedings and reinstatement proceedings) becomes blurred when the statutory sections are viewed with other statutory sections, such as § 1182(a), which fits under the "Removal proceedings" heading but discusses that one of the grounds for inadmissibility is that an alien reentered the United States in violation of an existing removal order. *Id.* at 1281-82; *see* 8 U.S.C. § 1182(a)(9)(C). Accordingly, the Eleventh Circuit concluded:

> The text and structure of §§ 1229a(a) and 1231(a)(5) suggest Congress enacted § 1231(a)(5) to establish a streamlined, expedited reinstatement process that empowers the Attorney General to determine immigration officers should conduct the relevant proceedings. Nevertheless, other aspects of Chapter 12 of Title VIII indicate Congress may have enacted § 1231(a)(5) to amend parts of the reinstatement process while maintaining illegal reentrants' receipt of a hearing before an immigration judge. Based on these countervailing considerations, we conclude, under the first *Chevron* step, §§ 1229a(a) and 1231(a)(5) are at best ambiguous regarding the procedures for reinstating an illegal reentrant's existing removal order.

*Id.* at 1282-83. Under the second step of the *Chevron*[3] analysis, the Eleventh Circuit determined the Attorney General's decision under 8 C.F.R. § 241.8 to allow immigration officers to carry out the task of reinstating existing removal orders constitutes a permissible

---

[3] *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

ORDER ~ 6

interpretation of the INA and thus he did not overstep his authority in promulgating this regulation. *Id.* at 1283.

Given the organization of §§ 1229a and 1231(a)(5) under two different headings, "Removal proceedings" and "Determination and removal of aliens ordered removed," respectively, the Court finds it is likely Congress intended to allow for an expedited removal process for aliens who had previously been ordered removed. Defendant correctly highlights that Congress did explicitly set forth expedited removal proceedings for certain classes of aliens. *See e.g.*, 8 U.S.C. § 1225(b)(1) (expedited removal for arriving and certain other aliens); 8 U.S.C. § 1225(c) (expedited removal of terrorists); 8 U.S.C. § 1228 (administrative removal for nonpermanent residents convicted of an aggravated felony). However, the INA can be interpreted to read that these expedited removal proceedings apply to aliens, who have not previously been ordered deported. Once an alien has a prior removal, then § 1231(a)(5) sets forth that the prior order of removal may be reinstated, and this section infers that Congress intended to allow the Attorney General to promulgate a regulation which would set up an expedited process for reinstatement prior orders of removal. Under 8 U.S.C. § 1103(g)(2), the Attorney General is given the authority to:

> establish such regulations, prescribe such forms of bond, reports, entries, and other papers, issue such instructions, review such administrative determinations in immigration proceedings, delegate such authority, and perform such other acts as the Attorney General determines to be necessary for carrying out this section.

The Attorney General appears to have acted within its authority when promulgating 8 C.F.R. § 248.1. Yet, the Court agrees with the Eleventh

ORDER ~ 7

and First Circuits that the construction and language of the INA is ambiguous, and thus the Court must inquire as to whether regulation § 248.1 is a permissible interpretation of the INA. Under this second-step of the *Chevron* analysis, the Court finds the regulation is a permissible interpretation of the INA and thus Defendant's motion is denied. Therefore, the Court does not address the Defendant's double jeopardy argument.

**C.    Defendant's Motion to Compel Grand Jury Transcripts**

After the Court entered its oral ruling denying Defendant's Motion to Dismiss, the parties advised they will be working towards a plea agreement. Accordingly, the Court denies as moot Defendant's grand jury transcript motion.

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Suppress **(Ct. Rec. 33)** is **GRANTED**.

2. Defendant's Motion to Dismiss **(Ct. Rec. 31)** is **DENIED**.

3. Defendant's Motion to Compel Grand Jury Transcripts **(Ct. Rec. 29)** is **DENIED AS MOOT**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and to provide copies to all counsel.

**DATED** this 15th day of September 2006.


                              S/ Edward F. Shea
                              EDWARD F. SHEA
                        United States District Judge